# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| BARRINGTON MUSIC PRODUCTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MUSIC & ARTS CENTERS; GUITAR ) <br> CENTER STORES, INC.; and EASTMAN ) <br> MUSIC COMPANY, ) <br> ) <br> Defendants. ) | Cause No.: 3:16-cv-00006 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

BARRINGTON MUSIC PRODUCTS, INC., ("Barrington"), by counsel, states its Complaint against MUSIC & ARTS CENTERS ("Music & Arts"), GUITAR CENTER STORES, INC. ("Guitar Center"), and EASTMAN MUSIC COMPANY ("Eastman") (together, Music & Arts, Guitar Center, and Eastman are "Defendants") as follows:

## THE PARTIES

1. Plaintiff Barrington is a corporation organized under the laws of Indiana, with its principal office in Niles, Michigan. Barrington is in the business of selling musical instruments across the United States and throughout the world.

2. Defendant Music & Arts is a company organized under the laws of Maryland, with its principal office located at 5 North Bel Air Parkway, Suite 1415, Bel Air, Maryland 21015. Music & Arts sells products similar to and in the same marketplace as those sold by Barrington. Music & Arts regularly transacts business in the state of Indiana, including within this judicial district. Music & Arts is owned by Guitar Center.

3. Defendant Guitar Center is a corporation organized under the laws of Delaware, with its principal office located at 5795 Lindero Canyon Road, Westlake Village, California 91362. Guitar Center sells products similar to and in the same marketplace as those sold by Barrington. Guitar Center regularly transacts business in the state of Indiana, including within this judicial district.

4. Defendant Eastman is a company organized under the laws of California, with its principal office located at 2158 Pomona Blvd., Pomona, California 91768. Eastman creates and sells products similar to and in the same marketplace as those sold by Barrington. Eastman regularly transacts business in the state of Indiana, including within this judicial district.

## NATURE OF THE ACTION

5. This is an action for trademark infringement, trademark dilution by blurring, unfair competition via passing off and trade name infringement brought by Barrington, owner of the well-known VENTO® brand of wind instruments, against Defendants, which are intentionally causing confusion, mistake, and deception among the public by manufacturing, marketing, and distributing their VENTUS brands for wind instruments. Defendants' actions violate federal law, including the Lanham Act, and Indiana law. Barrington seeks damages, injunctive relief, attorneys' fees and costs sufficient to remedy the injuries Barrington has suffered and will continue to suffer as a result of Defendants' intentional misconduct.

## JURISDICTION AND VENUE

6. This Court has federal subject matter jurisdiction over Barrington's claims through federal question jurisdiction via the Lanham Act and other federal statutes under and pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338. The Court also has subject

2

matter jurisdiction through diversity jurisdiction over the claims and supplementary jurisdiction over state and common law claims under and pursuant to 28 U.S.C. §§ 1332(a) and 1367. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendants because Defendants have, *inter alia*, transacted business and committed infringement and tortious acts within the State of Indiana by offering competing products under Barrington's trademarks, causing confusion on the part of Indiana residents, and targeting Indiana residents.

8. Venue is proper and appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Barrington's claims have occurred and, unless enjoined will continue to occur, within this district.

## FACTUAL ALLEGATIONS

### *Barrington's Trademarks*

9. Barrington is the owner of all right, title, and interest in the federally registered trademarks VENTO® and VENTO® (Stylized) (collectively, the "Registered Marks") and the same trade names. The trademark registration numbers are 3,831,402 and 3,831,403 respectively. The trademark registration certificates are attached as Exhibit A.

10. As the owner of the Registered Marks, Barrington has the exclusive right to sell and advertise musical instruments under the Registered Marks in the United States. As a result of the advertising and selling of those goods in the United States and throughout the world, Barrington's trademarks enjoy significant goodwill among relevant consumers in the United States.

3

11. Barrington's trademarks are famous and became so prior to any of Defendants' wrongful acts discussed herein.

12. The Registered Marks are fanciful and inherently distinctive, instantly informing instrumentalists and others in the music community of the instruments' characteristics and quality.

### *Barrington's Products*

13. Barrington began using the Registered Marks in commerce in May 2009 and has had tremendous success in the musical instrument market. The Registered Marks are used primarily in conjunction with the sale and advertising of Barrington's wind instruments.

14. Barrington advertises its products, including those associated with the Registered Marks, by, among other methods, direct mailings, in magazines, and online. Barrington also uses its website, with its trademarks prominently displayed, to sell its musical instruments to customers throughout the United States and the world. Copies of Barrington's key website pages and magazine advertisements are attached as <u>Exhibit B</u>.

15. Barrington has sold and advertised musical instruments in connection with the Registered Marks continuously since May 2009.

16. Barrington is established and successful in the musical instrument industry based on its unique and quality products, including its wind instruments.

17. The company's remarkable sales and positive reviews make clear that the marks — VENTO® AND VENTO® (STYLIZED) — have achieved secondary meaning. That is, the Registered Marks have come to be associated with Barrington in the minds of the public and consumers of musical instruments.

18. Barrington has spent significant time and money developing, advertising, and promoting its musical instruments offered under the Registered Marks.

19. Barrington enjoys significant goodwill in the Registered Marks and in connection with being the source of quality products. This is due to the well-known, excellent reputation in the musical instrument market that Barrington has earned, and the considerable investment of time and money that Barrington has made to promote the Registered Marks both in the U.S. and internationally.

### *Defendants' Wrongful Acts*

20. Sometime after May 2009 Defendants began distributing, marketing, and advertising musical instruments – specifically, wind instruments – under the trade name VENTUS.

21. In or around November 2014, Barrington discovered that Defendants' were advertising and selling musical instruments using the VENTUS trade name.

22. Defendants are using the name VENTUS in connection with the sale of the same type of products that Barrington sells under the Registered Marks, primarily wind instruments. Upon information and belief, Defendants sell and lease these products at retail, over the Internet, direct sales, and by mail order.

23. True and accurate copies of pages from Defendants' websites showing Defendants' infringing use of the VENTUS trade name as of January 7, 2016, are attached as <u>Exhibit C</u>.

24. Defendants have used the infringing VENTUS name with the intent to direct consumers to Defendants' websites by creating a likelihood of confusion as to source, sponsorship, or endorsement of the products they advertise and sell.

25. Defendants continue to use the VENTUS name in a commercial context and in connection with goods that are substantially the same as the goods that Barrington sells and advertises using the Registered Marks.

26. Defendants' infringing actions are knowing and intentional. For example, upon information and belief, Steve Zapf ("Zapf"), current president of Music & Arts, was familiar with the Registered Marks and intentionally caused Defendants to market and sell wind instruments under the VENTUS name with the knowledge and intent to cause harm to Barrington by infringing the Registered Marks.

27. The use of the term VENTUS is likely to confuse consumers about the source, origin, sponsorship, and/or approval of Defendants' products, specifically, that they are related to the successful VENTO® and VENTO® (Stylized) trademarks.

28. Defendants' infringing use of the VENTUS mark has created confusion and will continue to create confusion among consumers regarding the VENTO® and VENTO® (Stylized) trademarks and goodwill.

29. Defendants knew and had actual notice of the VENTO® and VENTO® (Stylized) trademark registrations.

30. Defendants intended for the commercial use of the VENTUS term to be deceptive, and specifically to deceive consumers regarding the source and approval of Defendants' products.

31. It is common knowledge that the English translations of VENTUS and VENTO are the same: Wind.

32. Defendants' use of the VENTUS name for Defendants' instruments is so similar to the Registered Marks that Defendants' VENTUS mark has impaired the Registered Marks' distinctiveness.

33. Defendants' actions have caused and are causing Barrington to suffer harm to Barrington's trademarks and goodwill. Both injunctive and compensatory relief are required to remedy Defendants' conduct.

### *Injury to Barrington*

34. Defendants' actions have injured, and if permitted to continue, will irreparably injure Barrington, its trademarks, the goodwill associated with its marks, and its reputation for quality goods.

35. Defendants' actions are likely to cause confusion, mistake, or deception and have caused confusion, mistake, or deception in Indiana and elsewhere as to the source, origin, sponsorship, authorization, or affiliation of Defendants' products. Defendants' actions also are likely to suggest falsely a sponsorship, connection, license, or association of Defendants' goods with Barrington by virtue of the above, and/or will divert profits from Barrington.

36. Defendants' actions have interfered with and damaged, and will continue to interfere with and damage, Barrington's relationships with consumers and potential purchasers of Barrington's products.

37. Defendants' actions have a substantial effect on interstate commerce because Defendants sell their products to customers throughout the United States and engage in commerce through their websites, which are accessible throughout the United States and around the world.

38. Barrington has no adequate remedy at law because its damages, including lost profits and diminished good will, are impossible to quantify and therefore monetary damages alone cannot adequately and fully compensate Barrington for the harm cause by Defendants' conduct.

# CAUSES OF ACTION

## Count I – Federal Trademark Infringement

## Lanham Act (15 U.S.C. § 1114)

39. Barrington hereby re-alleges and incorporates by reference the allegations of all paragraphs above.

40. VENTO® and VENTO® (Stylized) are registered trademarks owned by Barrington.

41. Barrington's VENTO® and VENTO® (Stylized) trademarks, which are used for a line of musical instruments, namely its wind instruments, are inherently distinctive as fanciful terms.

42. Defendants make, use, sell, offer to sell, and distribute in interstate commerce musical instruments that directly infringe Barrington's Registered Marks, in violation of the Lanham Act, 15 U.S.C. § 1114.

43. Defendants have used the VENTUS term in such a way that it is likely to cause confusion, mistake and/or deception regarding the affiliation, connection, and/or association of the VENTUS name with the Registered Marks.

44. Defendants intended and intend to confuse consumers and the public regarding the source and association of instruments made and sold under the VENTUS name.

45. Defendants, by their continued infringing use of the VENTUS term, are trading off the goodwill created and maintained by Barrington in the Registered Marks.

46. Defendants are the junior user of Barrington's infringed trademarks in that the Registered Marks have been in commerce since 2009 and are well established in the music instrument industry and community.

47. Defendants have caused the infringing VENTUS instruments to enter into interstate and international commerce.

48. Defendants' use of the VENTUS term and involvement of their VENTUS instruments in interstate commerce infringe upon the rights and goodwill established and maintained by Barrington via the Registered Marks. Defendants' activities are likely to cause, have caused, and do cause confusion, mistake, or deception as to the source of Defendants' products and Defendants' association with Barrington and the Registered Marks.

49. Barrington is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125.

50. Barrington is entitled to damages pursuant to 15 U.S.C. § 1117(a), including disgorgement of Defendants' profits, an award of Barrington's actual damages, and the costs of this action.

51. Defendants' use of the infringing VENTUS mark has been willful, and, as such, this qualifies as an extraordinary case justifying the award of attorneys' fees and costs to Barrington pursuant to 15 U.S.C. § 1117(a).

## *Count II – Federal Unfair Competition*

## *Lanham Act (15 U.S.C. § 1125(a))*

52. Barrington hereby re-alleges and incorporates by reference the allegations of all paragraphs above.

53. By virtue of Barrington's extensive advertising, substantial promotion, and the provision by Barrington of high-quality products under the Registered Marks, the relevant purchasing public, including the general public, has come to identify Barrington

as the source and origin of high-quality musical instruments offered under the Registered Marks.

54. Defendants have infringed, and contributed to the infringement of, the Registered Marks by creating, marketing, and advertising musical instruments under the VENTUS name. These acts deceive and mislead the public into believing that Defendants' products are actually Barrington's products or are otherwise sponsored, authorized, endorsed, supervised, and/or guaranteed by Barrington.

55. As Barrington cannot control the quality of Defendants' offered products or the content on the websites operated by Defendants, Defendants' actions have caused and, unless enjoined, will continue to cause irreparable harm to Barrington and its trademarks.

56. The foregoing acts, practices, and conduct of Defendants misrepresent the nature, characteristics, and qualities of Barrington's products. Defendants' conduct constitutes unfair competition; false designation, description or representation; false advertising; fraud; and/or unfair or deceptive trade practices that are likely to cause confusion or mistake by the public, in violation of 15 U.S.C. § 1125(a).

57. As a direct and proximate result of the foregoing acts, practices, and conduct, Barrington has been or is likely to be substantially injured in its business, including its reputation and business identity, resulting in lost revenues and profits, and diminished goodwill and reputation.

58. Barrington has no adequate remedy at law because its trademarks are unique and represent to the public the source, reputation, and goodwill of Barrington's products. The damages caused by Defendants' actions are not susceptible to any ready or precise calculation because such damages involve lost profits, lost business opportunities,

loss of goodwill, and the impairment of the integrity of Barrington's products and trademarks. Accordingly, monetary damages alone cannot fully compensate Barrington for Defendants' misconduct.

59. Unless enjoined by the Court, Defendants will continue to make false descriptions or representations and to pass off the products as provided by, sponsored by, or associated with Barrington – all to Barrington's irreparable injury. This threat of future injury to Barrington's business identity, goodwill, and reputation requires injunctive relief to in order to prevent Defendants' continued false descriptions, representations, and passing off, and to ameliorate and mitigate Barrington's injuries.

60. Defendants' conduct has caused irreparable harm in the form of lost business and reputation, and other irreparable damages, entitling Barrington to recover compensatory damages and obtain injunctive relief.

61. Defendants' use of the infringing VENTUS name has been willful, qualifying this as an extraordinary case justifying the award of attorneys' fees and costs to Barrington pursuant to 15 U.S.C. § 1117(a).

### *Count III – False Designation of Origin*
### *Lanham Act (15 U.S.C. § 1125(a)(1)(B))*

62. Barrington hereby re-alleges and incorporates by reference the allegations of all paragraphs above.

63. Barrington has rights in the trade names and trademarks using the term VENTO in connection with musical instruments throughout the United States.

64. Defendants' use of VENTUS as a trade name in connection with the marketing and selling of musical instruments throughout the United States is likely to cause, and has caused, public confusion and mistake as to the source of Defendants'

products, as to the affiliation, connection, or association of Defendants with Barrington, and/or as to the sponsorship or approval of Defendants' products and commercial activities by Barrington.

65. Because Defendants' products are not the products of Barrington and are not otherwise authorized to use any of the Barrington trademarks or trade names, such willful and deliberate conduct by Defendants in promoting, advertising, and providing musical instruments under the confusingly similar VETNUS name constitutes a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, all of which misrepresent the source, nature, characteristics, qualities and/or origin of Defendants' products, in violation of Section 43(a)(1)(B) of the Lanham Act, as amended, 15 U.S.C. § 1125(a)(1)(B).

66. As a result of the foregoing acts, Barrington has been irreparably harmed and is entitled to injunctive relief.

### *Count IV – Federal Trademark Dilution*
### *Lanham Act (15 U.S.C. § 1125(c))*

67. Barrington hereby re-alleges and incorporates by reference the allegations of all paragraphs above.

68. Barrington owns the Registered Marks.

69. The Registered Marks are inherently distinctive as fanciful terms and are famous.

70. The Registered Marks were famous before Defendants' adopted the VENTUS name for use with their products.

71. Defendants have caused the VENTUS products to enter into interstate commerce.

72. Defendants' use of the VENTUS name includes commercial use.

73. Defendants intended and intend to dilute the Registered Marks and to trade on the recognition of the famous Registered Marks.

74. Defendants' activities are likely to cause, have caused, and are causing trademark dilution by blurring. Specifically, Defendants have created an association, which based on the similarity of Defendants' VENTUS name for instruments to the established Registered Marks, that damages the Registered Marks' ability to serve as unique identifiers, in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(c).

75. Barrington is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125.

76. Barrington is entitled to damages pursuant to 15 U.S.C. § 1117(a), including disgorgement of Defendants' profits, an award of Barrington's actual damages, and the costs of this action.

77. Defendants' dilution by blurring has been willful, and this qualifies as an extraordinary case justifying the award of attorneys' fees and costs to Barrington pursuant to 15 U.S.C. § 1117(a).

**Count V – Trade Name Infringement under Indiana Common Law**

78. Barrington hereby re-alleges and incorporates by reference the allegations of all paragraphs above.

79. Barrington's Registered Marks are distinctive as to its wind instruments and Barrington distinguishes products sold under the Registered Marks from other musical instrument companies and their products.

80. Defendants' use of the VENTUS name is likely to cause confusion and has caused confusion as to the source of Defendants' musical instruments.

81. Defendants intended and intend to deceive and confuse the public and members of the music industry and community, including musicians, students, and educators, regarding the source of the musical instruments.

82. Defendants' actions have caused damage and loss to the reputation and goodwill of Barrington and the Registered Marks.

83. Barrington is entitled to injunctive relief under the common law claim of unfair competition via trade name infringement.

84. Barrington is entitled to compensatory and punitive damages under the common law claim of unfair competition via trade name infringement.

### *Count VI – Passing Off, in Violation of Indiana's Unfair Competition Doctrine*

85. Barrington hereby re-alleges and incorporates by reference the allegations of all paragraphs above.

86. Barrington's Registered Marks are distinctive as to wind instruments and Barrington distinguishes products sold under the Registered Marks from other musical instrument companies and their and products.

87. Defendants' use of the VENTUS name is likely to cause confusion and has caused confusion as to the source of their musical instruments.

88. Defendants intended to deceive and confuse the public and members of the music industry and community, including musicians, students, and educators, regarding the source of the VENTUS musical instruments, specifically, that they belong to, are related to, or derived from the longstanding and well-known Registered Marks.

89. Defendants' actions have caused damage and loss to the reputation and goodwill of Barrington and the Registered Marks.

90. Barrington is entitled to injunctive relief under the common law claim of unfair competition via passing off.

91. Barrington is entitled to compensatory and punitive damages under the common law claim of unfair competition via passing off.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Barrington prays to this Court for the following relief:

1. An Order permanently enjoining Defendants and their agents, officers, employees, representatives, successors, and assigns: (1) from infringing and diluting Barrington's protected Registered Marks; (2) from unfairly competing against Barrington by infringing the VENTO trade name or passing off Defendants' VENTUS instruments as Barrington's instruments sold under the Registered Marks; and (3) from using the VENTUS term in any way in connection with Defendants' musical instruments;

2. An award of actual damages, including Barrington's lost profits in an amount to be proved at trial, as well as disgorgement of all profits derived from Defendants' infringement and dilution of the Registered Marks and from Defendants' unfair competition;

3. An award of punitive damages in an amount to be determined at trial for Defendants' willful trademark infringement, trademark dilution, and unfair competition;

4. A declaration that the VENTUS trademark registration is invalid.

5. An order requiring that Defendants deliver for destruction all advertising and promotional materials, labels, brochures, business stationery, business cards, information sheets, posters, signs, website materials, and any and all other printed or graphic materials of any type that bear any confusingly similar imitation of Barrington's trademarks;

6. An order requiring that Defendants immediately remove and take down any and all content from their websites or other advertising medium that utilize VENTUS or any other mark owned by or substantially similar to a mark owned by Barrington;

7. An order directing Defendants to file with the Court and serve on Barrington, within thirty (30) days after entry of a final judgment, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

8. That Defendants be compelled to account to Barrington for any and all profits and/or monies derived by them in connection with their unauthorized use of Defendants' infringing marks, and for all damages caused to Barrington under 15 U.S.C. § 1117, and that Barrington's award be trebled as provided for by 15 U.S.C. § 1117(b), or in the alternative, statutory damages under 15 U.S.C. § 1117(c) and/or (d);

9. An award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

10. An award of prejudgment interest at the legal rate; and

11. Any and all other just, proper, and equitable relief warranted by the circumstances.

# JURY DEMAND

Plaintiff demands trial by jury on all counts so triable.

Dated: January 7, 2016						Respectfully submitted,


								/s/ Sean J. Quinn
								John D. LaDue (19039-71)
								Sean J. Quinn (29441-71)
								LaDue | Curran | Kuehn
								200 First Bank Building
								205 West Jefferson Boulevard
								South Bend, IN 46601
								Tel:	574.968.0760
								Fax:	574.968.0761
								jladue@lck-law.com
								squinn@lck-law.com

								*Attorneys for Barrington Music Products, Inc.*