UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BARRINGTON MUSIC PRODUCTS, INC., | ) ) ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | CAUSE NO. 3:16-CV-6-RLM-MGG |
| GUITAR CENTER STORES, INC., *et al.*, | ) ) ) | |
| *Defendant*s. | ) | |

OPINION AND ORDER

Defendants Guitar Center Stores, Inc., Music & Arts Centers, Eastman Music Company and Woodwind & Brasswind, Inc., (hereinafter, Guitar Center) ask the court to reconsider its October 2017 order denying their summary judgment motion [Doc. No. 50]. They ask the court to reconsider that order to address a single narrow issue: whether Guitar Center's registering the Ventus mark on the principal register on August 2, 2011 put Barrington on constructive notice of Guitar Center's claim of ownership of its Ventus mark for the purposes of laches. The October 2017 order includes a presentation of the relevant facts in this case, which needn't be repeated here [Doc. No. 63 at 1-4]. For the reasons that follow, the court denies the motion to reconsider.

Federal Rule of Civil Procedure 54(b) provides that a court may alter or amend an interlocutory order any time before entry of final judgment. *See* <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 12 (1983) ("[E]very

order short of a final decree is subject to reopening at the discretion of the district judge."). Unlike a motion to reconsider a final judgment, which must meet the requirements of Federal Rules of Civil Procedure 59 or 60, "a motion to reconsider an interlocutory order may be entertained and granted as justice requires." Akzo Coatings, Inc. v. Aigner Corp., 909 F.Supp. 1154, 1160 (N.D. Ind. 1995).

Reconsideration of an interlocutory order may be appropriate when the facts or law on which the decision was based change significantly after issuance of the order, or when "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.1990). "These grounds represent extraordinary circumstances, and the granting of a motion to reconsider is to be granted only in such extraordinary circumstances . . . Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." United States Securities and Exch. Comm'n v. National Presto Indus., Inc., No. 02-C-5027, 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004) (internal quotations omitted). Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). A party seeking reconsideration can't introduce new evidence or legal

theories that could have been presented earlier or simply rehash previously rejected arguments. Id.

Guitar Center wants the court to reconsider its finding that Guitar Center's use of 15 U.S.C. § 1072 doesn't provide it with a strong basis of constructive notice for the purposes of establishing a laches defense. The court should impute Barrington with constructive notice of Guitar Center's use of their Ventus trademark as of August 2, 2011, as a matter of law and statutory interpretation. *See* 15 U.S.C. § 1072 (Registration of a mark on the principal register . . . shall be constructive notice of the registrant's claim of ownership thereof); *see also* Chattanoga Mfg., Inc. v. Nike, Inc., 301 F.3d 789, 793 (7th Cir. 2002) ("It is clear that a plaintiff must have actual or constructive notice of the defendant's activities.").

Guitar Center says that 15 U.S.C. § 1072 doesn't limit or qualify the effect of the constructive notice created by registering a mark on the principal register; the statute unambiguously states that "registration of a mark on the principal register . . . shall be constructive notice of the registrant's claim of ownership thereof." If the language of a statute is unambiguous, it should be applied as read. Johnson v. Trail Creek, 771 F. Supp. 271, 276 (N.D. Ind. 1991).

When courts hold that the facts were such that plaintiff should have known of the defendant's infringing activities, it is sometimes said that plaintiff was on "constructive" notice. A "reasonably prudent person" standard may be used to

impute notice. *See* 6 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:38 (5th ed. 2018). McCarthy points to Chattanoga Manufacturing, Inc., v. Nike, Inc., the controlling authority in this matter. "[T]he law is well settled that where the question of laches is in issue the plaintiff is chargeable with such knowledge as he may have obtained upon inquiry, provided the facts already known by him were such as to put upon a man of ordinary intelligence the duty of inquiry." 301 F.3d at 793 (*citing* Johnston v. Standard Mining Co., 148 U.S. 360 (1893)). McCarthy notes that this kind of "constructive notice" is *different* from the statutory constructive notice created by a federal registration owned by defendant. *See* 6 MCCARTHY § 31:38 (emphasis added).

The statutory constructive notice under 15 U.S.C. § 1072 concerns the existence of a federal registration of a mark. It is not constructive notice of a potential infringer's use of a mark in the marketplace. *See* 6 MCCARTHY § 31:40 (*citing* Valmor Products Co. v. Standard Products Corp., 464 F.2d 200, 204, 174 U.S.P.Q. 353 (1st Cir. 1972)) (holding that in infringement proceedings, constructive notice of a defendant's federal registration does not start the time running on laches: only the time of plaintiff's actual notice is relevant) (citations omitted) (emphasis added). "[T]he offense of infringement is a continuing one, and appellant has not suggested that the statute of limitations is a bar. Laches, on the other hand, is an *equitable doctrine* which penalizes a litigant for negligent or wilful failure to assert his rights, and is not appropriately applied here, where [the

4

plaintiff] was unaware of the infringement and [the defendant] made no claim that the lack of knowledge was itself wilful or negligent." Valmor Prod. Co. v. Standard Prod. Corp., 464 F.2d at 204 (emphasis added).

Although Valmor isn't controlling precedent, the court won't necessarily reject its reasoning. Our court of appeals has followed the trend of starting the laches clock at the earliest possible date of infringement—not the date of mere use or registration of a potentially infringing mark—as a matter of equity, not statutory interpretation. In Chattanoga, the court of appeals charged the plaintiff with constructive knowledge as early as 1985, when defendant first launched a prominent national advertising campaign. Although this date was measured from the defendant's very first use of the mark, the court of appeals made it clear that laches shouldn't always be measured from a defendant's very first use of the mark, *see e.g.,* 5 MCCARTHY § 31:39, at pp 31-47, but only when it's appropriate to do so. *See, e.g.,* Chattanoga Mfg., Inc. v. Nike, Inc., 301 F.3d at 793, n.3. It wouldn't be appropriate to impute Barrington with statutory constructive notice at the date Ventus was registered under these circumstances.

Guitar Center points to several cases in its attempt to establish that registration under 15 U.S.C. § 1072 triggers constructive notice for the purposes of asserting a laches defense; two of which are in this circuit. Neither case shows that the court made any errors in reaching its decision. *See* Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

5

Guitar Center first points to Gaffrig Performance Industries v. Livorsi Marine, Inc. The defendant registered the "GAFFRIG PRECISION INSTRUMENTS" mark after its license to use the mark was expired. An ex-licensee's continued use of the trademark after the period of the license is a violation of trademark law. 2003 WL 23144859, at *9 (N.D. Ill. Dec. 22, 2003) (*citing* Gorenstein Enterprises, Inc., v. Quality Care-USA, Inc., 874 F.2d 431, 435 (7th Cir. 1989)). In determining whether laches applied, the court found that the plaintiff had actual or constructive notice of the defendant's infringing activities as early as 1993, when the defendant received a federally registered trademark for [infringing mark], because registration of a mark provides constructive notice throughout the United States of the registrant's claim to ownership. Gaffrig Performance Industries v. Livorsi Marine, Inc., 2003 WL 23144859, at *16.

Next, Guitar Center points to Oreck Corp. v. Thomson Consumer Elecs., Inc. Ten years before Gaffrig, the Southern District of Indiana reached the same conclusion, imputing constrictive notice on the plaintiff under 15 U.S.C. § 1072. *See* 796 F. Supp. 1152, 1162 (S.D. Ind. 1992) ("Thus, [the defendant's] registration of 'XL–100,' effective December 9, 1975, placed [the plaintiff] on constructive notice that [the defendant] was taking a *position contrary to a claimed license agreement* and that it owned and had an exclusive right to use [infringing mark].") (emphasis added).

It was appropriate for the Gaffrig and Oreck courts to impute the plaintiffs with constructive notice. When the defendants registered their trademarks in contravention of their respective contractual agreements, infringement was instantaneous. As already stated, an ex-licensee's continued use of the trademark after the period of the license is a violation of trademark law. *See* Gorenstein Enterprises, Inc., v. Quality Care-USA, Inc., 874 F.2d at 435; *see also* Oreck Corp. v. Thomson Consumer Elecs., Inc., 796 F. Supp. 1152, 1162 (S.D. Ind. 1992) (Registration by licensee of licensed mark constitutes trademark infringement because it misleads the public into thinking that the registrant owns the mark) (citations omitted); 796 F. Supp. at 1162 ([Plaintiff's] contention that the license agreement was first breached when his dealership authorization was cancelled in 1988 is simply inconsistent with the nature and effect of a federal trademark registration, where the registrant claims that it has an exclusive right to the registered trademark) (citations omitted).

In contrast to Gaffrig and Oreck, no licensing relationship flows between Barrington and Guitar Center—or any relationship for that matter—that would justify to charging Barrington with constructive notice at the very moment Guitar Center registered the Ventus mark. To impute constructive notice under 15 U.S.C. § 1072 to Barrington would go against controlling precedent that requires plaintiff to have knowledge of a "provable infringement claim," *see* Chattanoga Mfg., Inc.

v. Nike, Inc., 301 F.3d at 793, and Guitar Center hasn't shown the court that Barrington has a "provable infringement claim" as of August 2, 2011.

Guitar Center next points to several cases that reference the Federal Circuit's holding in National Cable Television Asociation, Inc. v. American Cinema Editors, Inc. to further support its argument. "Publication of the marks in the Official Gazette constitutes constructive notice of the applications at issue . . . [L]aches begins to run from the time action could be taken against the acquisition by another of a set of rights to which objection is later made. *In an opposition or cancellation proceeding the objection is to the rights which flow from registration of the mark* . . . [15 U.S.C. § 1072] of the Lanham Act provides that registration on the Principle Register shall be constructive notice of the registrant's claim of ownership." 937 F.2d 1572, 1581 (Fed. Cir. 1991); *see also* 15 U.S.C. § 1072. This isn't a cancellation proceeding before the Trademark Trial and Appeals Board. This is an action for infringement under the Lanham Act and state trademark and unfair competition laws, and 15 U.S.C. § 1072 doesn't trigger laches in an infringement case. *See* 6 MCCARTHY § 31:40.

Lastly, Guitar Center challenges the citation in the October 2017 order to Mobile Anesthesiologists Chi., Ltd. Liab. Co. v. Anesthesia Assocs. of Hous. Metroplex, P.A. 623 F.3d 440 (7th Cir. 2010). Guitar Center is right that Mobile Anestesiologists doesn't address the issue of laches or foreclose the possibility that registration of a mark on the principal register triggers constructive notice for the

8

purposes of laches. The case wasn't cited for either proposition, but rather as an indication of how 15 U.S.C. § 1072 is used as a matter of law—the statute is used for the benefit of the *senior* trademark holder—and how courts in our circuit approach constructive notice from the perspective of equity rather than statutory interpretation.

## CONCLUSION

The court DENIES the defendants' motion for reconsideration [Doc. No. 72].

SO ORDERED.

ENTERED:  <u>February 28, 2018</u>

<u> /s/ Robert L. Miller, Jr.      </u>
Judge
United States District Court