UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BARRINGTON MUSIC PRODUCTS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| Vs. | ) Cause No. 3:16-cv-06-RLM ) |
| MUSIC & ARTS CENTER; GUITAR CENTER STORES, INC.; EASTMAN MUSIC COMPANY and WOODWIND & BRASSWIND, INC., | ) ) ) ) ) |
| Defendants. | ) |

ORDER AND OPINION

Barrington Music Products, Inc., sued Music & Arts Centers, Guitar Center Stores, Inc., Eastman Music Company, and Woodwind & Brasswind, Inc. for trademark infringement. The jury found for defendants Music & Arts Centers, Eastman Music, and Woodwind & Brasswind, but found for Barrington with respect to Guitar Center Stores. The jury awarded damages, reflecting revenue from sales of the infringing VENTUS products, of $3,228. Barrington asks the court, under Federal Rule of Civil Procedure 59(a), to amend the damages award to $4,947,200, which Barrington describes as the amount shown by the undisputed evidence. Alternatively, Barrington seeks a new trial. The court disagrees with Barrington and finds no reason to disturb the verdict.

1

A court can alter or amend a judgment under Rule 59(a) if the verdict is against the weight of the evidence, Pickett v. Sheridan Health Care Ctr., 610 F.3d 434, 440 (7th Cir. 2010), or when undisputed evidence shows the verdict was incorrect on the amount of damages. Liriano v. Hobart Corp., 170 F.3d 264, 272-273 (2d Cir. 1999). The verdict must stand unless, when the trial record is viewed as favorably as reasonably possible to the non-movant, there's no rational connection between the evidence and the damage award. Northern Indiana Gun & Outdoor Shows, Inc. v. Hedman, 111 F. Supp. 2d 1020, 1022 (N.D. Ind. 2000).

The jury appears to have based its damages award on Barrington's Exhibit 32, which shows Guitar Center's revenue from its sales of VENTUS products to have been $3,228 – the precise amount of the jury's verdict. Barrington says that's the wrong number, and points to its testimony to the effect that Guitar Center's gross revenue from the sale of VENTUS products from 2011 through trial was $4,947,200.

Barrington's confusion flows from its having used the term "Guitar Center" in different ways at trial. All four defendants were related to Guitar Center, Inc. Guitar Center, Inc. owned Music & Arts and Woodwind & Brasswind (though they operated independently of each other); Eastman manufactured the products for the other defendants. At times during the trial, Barrington's counsel used "Guitar Center" as Guitar Center Writ Large: Guitar Center, Inc., and its subsidiaries (and

maybe Eastman, too, though it was rarely clear), and referred to Music & Arts and Woodwind & Brasswind as among "Guitar Center's different main brands," "channels," and "divisions." Tr. at 395-396.

The dual meaning of "Guitar Center" as used by Barrington at trial led to significant miscommunication during the cross examination of Amanda Schoemer, who testified that although her paycheck came from Guitar Center Inc., she worked for Music & Arts when the infringing name was devised and she had no contact with Guitar Center personnel. That miscommunication led to the following exchange at sidebar:

> THE COURT: You've asked four questions about Guitar Center since I -- you haven't laid a foundation yet.
> MR. QUINN: Okay. Your Honor, she testified that Music & Arts is Guitar Center.
> THE COURT: No, she testified that it's part of Guitar Center and she didn't do anything with respect to anything other than Music & Arts and that they were separate, that they were run pretty independently, excuse me. You sued them separately.
> MR. QUINN: Well, that the brands were run separately. Yes, I understand. But, she testified that Guitar Center Stores, Inc., a defendant in this case is the sole owner and that Music & Arts is just a division of that company.
> THE COURT: That she is familiar with that division. You're going beyond her knowledge, so I'm going to sustain it.

Tr. at 409-410.

This dual use of the term "Guitar Center" seems to have given rise to this motion. Barrington argues that Music & Arts and Woodwind & Brasswind were simply organizational components of the great Guitar Center, Inc., so their profits are Guitar Center's profits. But that isn't how the case was brought, or how the jury could have decided it. Music & Arts and Brasswind & Woodwind (and Eastman Music, for that matter)

3

were sued as separate defendants. The jury instructions referred to "defendants" in the plural, and included an instruction virtually commanding separate consideration for each named defendant:

> Each defendant bears the burden of proving the direct expenses that it incurred in producing, marketing, and selling the products at issue. If a defendant fails to prove such direct expenses, you must find the amount of its gross revenues as the amount of profits.

(Dkt. No. 134, Instruction 14).

The verdict form treated each named defendant separately. (Dkt. No. 131). No reasonable jury could think that after finding Music & Arts and Woodwind & Brasswind not liable, it was to award the profits of those defendants to the separately named Guitar Center, Inc.

Barrington notes that neither side argued the $3,228 figure to the jury. Rather than throw the verdict into question, that makes the jury's performance more impressive. The jury worked through the exhibits to find Guitar Center Inc.'s total sales from the VENTUS products, and found it on the fourth line of an exhibit that no one highlighted for the jury.

This jury did exactly what it was supposed to do under the instructions and the verdict form: decide who violated the trademark and award to Barrington that defendant's total sales from the VENTUS products. The answer to the first question it was to decide was Guitar Center, Inc., but not Music & Arts Centers or Eastman Music or Woodwind & Brasswind, who infringed the trademark. The answer to the

4

second question was the sales by Guitar Center, Inc., but not those of Music & Arts Centers or Eastman Music or Woodwind & Brasswind. The jury's verdict was impeccable.

The court DENIES Barrington Music Products, Inc.'s motion to amend the judgment (Dkt. No. 137).

SO ORDERED.

Dated: August 6, 2018

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Judge